

Michelle L. Roberts, State Bar No. 239092
E-mail: michelle@robertsdisability.com
ROBERTS DISABILITY LAW, P.C.
66 Franklin Street, Ste. 300
Oakland, CA 94607
Telephone: (510) 230-2090
Facsimile: (510) 230-2091

Attorneys for Plaintiff,
Jing Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jing Wang,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Life Insurance Company of North America,<br><br>　　　　Defendant. | CASE NO.: 5:23-cv-302<br><br>**COMPLAINT (ERISA)** |

　　　Plaintiff, Jing Wang ("Plaintiff") herein sets forth the allegations of his Complaint against Defendant Life Insurance Company of North America ("Defendant" or "LINA") for its wrongful denial of his long-term disability and life insurance waiver of premium benefit claims.

JURISDICTION

　　1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due

under his plan, reinstatement of life insurance of waiver of premium benefits, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

## VENUE

2. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this district, the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil L.R. 3-2(d) and 3-5, Plaintiff believes that this matter may be assigned to the San Jose division since a substantial part of the events or omissions which give rise to this action occurred primarily in Santa Clara County. Plaintiff does not object to assignment to either the San Francisco or Oakland divisions.

## PARTIES

4. Plaintiff resides in Santa Clara County, State of California. Plaintiff was, at all times relevant, an employee of Avago Technologies U.S. Inc. dba Broadcom Limited Company ("Broadcom"). Plaintiff became unable to work due to a medical condition starting October 5, 2019. At the time of his disability, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in an employee welfare benefit plan sponsored by Broadcom ("the Plan"), which provided, among other benefits, long term disability ("LTD") and life insurance waiver of premium ("LWOP") benefits.

5. Defendant LINA is an insurance company with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. LINA is the insurer of LTD and LWOP benefits under the Plan and acted in the capacity of the Plan insurer and the Plan claims administrator. LINA funds LTD benefits through policy number LK-0965168. If LTD benefits are payable, LINA provides the LWOP benefit through policy number FLX 967552.

FIRST CLAIM FOR RELIEF
(29 U.S.C. § 1132(a)(1)(B))
Claim for LTD and LWOP Benefits against Defendant

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

8. On May 11, 2020, Plaintiff filed a claim for LTD benefits with LINA based on his disability starting October 5, 2019. LINA assigned claim number 11932233-01 to both LTD and LWOP claims.

9. By letter dated August 26, 2020, LINA approved Plaintiff's claim for benefits under a provision which limits payment to only 24 months of benefits for disabilities due to mental or nervous disorders.

10. By letter dated May 5, 2022, LINA terminated Plaintiff's claim on the basis that he did not satisfy the definition of disability based on medical conditions not considered mental or nervous disorders.

11. By letter dated November 3, 2022, through counsel, Plaintiff appealed the denial of benefits to LINA. Plaintiff's appeal included evidence which supports his claim that he meets the Plan definition of disability due to physical medical conditions that are not subject to a limited pay period.

12. The ERISA regulations require that upon the plan's receipt of the claimant's appeal, it has 45 days to render a determination. 29 C.F.R. § 250.503-1(i)(1)(i); (i)(3). However, if special circumstances prevent a plan from making a determination within 45 days, it may take an additional 45 days if it notifies the claimant with written notice of the extension, describing the special circumstances and the date as of which the benefit determination will be made, prior to the commencement of the extension. 29 C.F.R. § 250.503-1(i)(1)(ii); (i)(3).

13. LINA's 45-day deadline to render a decision fell on December 18, 2022. As of the date of this complaint, LINA has not rendered a determination on Plaintiff's appeal, nor has LINA articulated special circumstances justifying an extension of their 45-day deadline.

14. Plaintiff has exhausted any and all administrative remedies which may be required by ERISA or the Plan.

15. At all relevant times, Plaintiff has been entitled to LTD and LWOP benefits under the Plan due to his disability. By denying Plaintiff's claim for LTD and LWOP benefits under the Plan, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief against Defendant:

1. Declare that Defendant violated the terms of the Plan by terminating Plaintiff's claim for LTD and LWOP benefits;

2. Order Defendant to pay LTD and LWOP benefits to Plaintiff pursuant to the terms of the Plan from May 5, 2022 through the present, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein and post-judgment interest as allowed for under ERISA;

3. Award Plaintiff reasonable attorneys' fees and costs incurred herein pursuant to 29 U.S.C. § 1132(g); and

4. Provide such other and further relief as this Court deems equitable and just.

DATED: January 20, 2023                    ROBERTS DISABILITY LAW, P.C.

By:  /s/ Michelle L. Roberts
     Michelle L. Roberts
     Attorneys for Plaintiff,
     Jing Wang